IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| STEVEN PEREZ | § | |
|     TDCJ-CID #1514617 | § | |
| v. | § | C.A. NO. C-10-246 |
| | § | |
| UNITED STATES OF AMERICA, ET AL. | § | |

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO TRANSFER VENUE**

Plaintiff is a state inmate currently incarcerated at the Connally Unit in Kenedy, Texas who has filed a civil rights action pursuant to 42 U.S.C. § 1983. (D.E. 1). Pending is his motion to transfer venue. (D.E. 35). Specifically, he wants the action transferred to the Houston Division of the Southern District of Texas.

A civil action wherein jurisdiction is not founded solely on diversity of citizenship may be brought in (1) a judicial district where any defendant resides, if all defendants reside in the same state, or (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. 28 U.S.C. § 1391(b). In addition, for the convenience of parties and witnesses, and in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought. 28 U.S.C. § 1404(a).

The party seeking a transfer of venue has the burden of establishing good cause to warrant such a transfer. In re Volkswagen of Am., Inc., 545 F.3d 304, 315 (5th Cir. 2008) (en banc) (citation omitted). Courts should consider various private and public factors in determining whether the convenience of the parties and the interest of justice necessitated a transfer of venue. Id.

Plaintiff argues the Houston "federal courthouse has meaningful ties to the controversy and relates to plaintiff's legitimate and rational concerns" because he plans "to compare the

procedures utilized in the Harris County courthouse to the procedures utilized in the Nueces County courthouse in order to prove to a jury how defendants ... violated his civil rights."  (D.E. 35, at 2).  Moreover, he argues that Corpus Christi is an inconvenient forum for key witnesses. Specifically, he intends to call as witnesses the "Harris County District Clerk, the Harris County District Attorney, certain court reporters in Harris County, certain District Judges in Harris County, certain Justices of the Courts of Appeals in Houston, certain Houston police department homicide detectives, certain Harris County Justices of the Peace, certain Harris County prosecutors ... [as well as] certain U.S. probation officers located in the Houston Division, and maybe U.S. Magistrates and U.S. District Judges located in the Houston Division."  Id. Furthermore, he claims that the jury would benefit from seeing various rooms in the Houston federal courthouse.  Id. at 2-3.

Next, plaintiff argues that a transfer of venue is appropriate because he cannot get a fair trial in Corpus Christi.  He claims that one of the defendants is a federal district judge accused of violating his civil rights.  Id. at 3.  Moreover, he argues that a Corpus Christi jury is not intellectually up to the task of weighing the evidence in his action: "the defendants in this case carry a lot of political power and weight in Corpus Christi, Texas.  Corpus Christi is a very small city, and the citizens are very easily misled by persons such as the defendants in this case."  Id.

Finally, plaintiff asserts that the defendants will not be inconvenienced by the transfer as the distance is not that great.  Id.

Plaintiff is suing three governmental entities and 27 individuals stemming from his arrest, prosecution, and conviction of state and federal crimes in Corpus Christi.  Most of these individuals reside and work within the Corpus Christi Division.  Moreover, the alleged acts

providing the basis for plaintiff's claims against these defendants generally occurred within the Corpus Christi Division.  Additionally, none of the defendants reside or work in the Houston Division, nor are the acts described in the complaint alleged to have taken place within the Houston Division.

The fact that plaintiff intends to call a number of witnesses from Houston is a factor to be considered regarding the question of venue.  See Caserez v. Burlington Northern/Santa Fe Co., 193 F.3d 334, 339 (5th Cir. 1999).  However, the alleged violations took place in Corpus Christi.  The records and evidence concerning defendants' alleged violations are also mostly in Corpus Christi.  See Volkswagen, 545 F.3d at 316 (fact that "[a]ll of the documents and physical evidence" concerning the allegations were in the division was a private interest factor to be considered).  Most of the defendants are in Corpus Christi and travel to Houston for trial would be expensive.  See id. (cost of attendance for witnesses is a private interest factor to be considered).

A significant public interest factor to be considered is "the local interest in having localized interests decided at home."  Id. at 315.  Plaintiff has alleged that a number of state and federal prosecutorial and judicial employees in Corpus Christi have violated his civil rights.  Without providing any support for his assertion, he argues that citizens of Corpus Christi are unable to fairly preside as a jury in his action.  (D.E. 35, at 3).  Putting aside the lack of support, Corpus Christi and its residents have a strong local interest in addressing whether numerous public officials are violating civil rights on the scale alleged by plaintiff.

Weighing the various factors involved in this case, including the convenience of the Houston witnesses, Corpus Christi is still the most appropriate venue for litigation of this action.

Accordingly, plaintiff's motion to transfer venue, (D.E. 35), is hereby DENIED.

ORDERED this 7th day of January 2011.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE