IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| STEVEN PEREZ | § | |
|     TDCJ-CID #1514617 | § | |
| v. | § | C.A. NO. C-10-246 |
| | § | |
| UNITED STATES OF AMERICA, ET AL. | § | |

**MEMORANDUM AND RECOMMENDATION TO
GRANT MOTION TO DISMISS BY FEDERAL DEFENDANTS**

Plaintiff Steven Perez, a Texas state prisoner, filed this civil rights action alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983 and <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 398 (1971). Pending is a motion to dismiss by defendants the United States of America and United States District Judge Janis Graham Jack. (D.E. 5). For the reasons stated herein, it is respectfully recommended that the motion to dismiss be granted.

## I.  JURISDICTION

The Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343(a)(3).

## II.  BACKGROUND

Plaintiff is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division ("TDCJ-CID"), and is currently confined at the Connally Unit in Kenedy, Texas. Following a jury trial, on April 14, 2008, plaintiff was found guilty of murder and felon in possession of a firearm in Cause No. 07-CR-159-B in the 117th Judicial District Court of Nueces County, Texas. He was sentenced to 60 years and 6 years respectfully in the TDCJ-CID's custody. Plaintiff appealed, and his convictions

were affirmed by the Thirteenth Court of Appeals. See Perez v. State, No.13-08-296-CR, 2009 WL 1607811 (Tex. App. Feb. 26, 2009) (unpublished) (affirming 60-year sentence); Perez v. State, No.13-08-433-CR, 2010 WL 2697292 (Tex. App. July 8, 2010) (unpublished) (affirming 6-year sentence). He filed a petition for writ of certiorari concerning his murder conviction with the United States Supreme Court, but it was denied. See Perez v. Texas, _ U.S. _, 130 S. Ct. 1149 (2010).

On July 17, 2008, plaintiff's federal supervised release was revoked in Criminal Action No. 2:03CR278-01, and the Honorable Janis G. Jack sentenced plaintiff to 24 months in the Bureau of Prisons, consecutive to his state sentence. See United States v. Perez, CR-C-03-278 (S.D. Tex.) (D.E. 36). On April 13, 2010, plaintiff filed a § 2255 motion to vacate or set aside judgment. Id. at D.E. 40. Plaintiff's § 2255 motion is still pending.

On July 19, 2010, plaintiff filed this action claiming he is being held illegally in the custody of the TDCJ-CID because his state court murder and firearm convictions were obtained in violation of his constitutional rights. (D.E. 1). He is suing the numerous state officers and officials who were involved in his arrest and prosecution, and his current custodians, as well as federal officers and officials involved in the revocation of his supervised release. Id. at ¶¶ 2-32. Plaintiff asserts that he "is not seeking habeas corpus relief," but rather, he wants this Court "to see the extent of this tort, ...and how your Plaintiff is, inter alia, falsely imprisoned with two void state convictions, a void 60 year aggravated sentence, ... and a void 6 year sentence – all for a violation of supervised

release." (D.E. 9 at 13-14).  He is seeking $40 million in compensatory damages, $40 million in punitive damages, and $20 million in attorney fees, as well as pre- and post-judgment interest, cost of suit, and "that an arrest warrant be issued against [the] defendants...." (D.E. 1 at ¶ 158).[1]

On July 21, 2010, plaintiff filed a state application for habeas corpus relief pursuant to article 11.07 of the Texas Civil Practice and Remedies Code, challenging his state court convictions.  On August 11, 2010, the Texas Court of Criminal Appeals denied the application without written order on the findings of the trial court without a hearing.  See Ex parte Perez, App. No. 74,330-01.

On September 10, 2010, plaintiff filed a § 2254 federal habeas corpus petition challenging his convictions.  See Perez v. Thaler, C-10-297 (S.D. Tex.).  The State filed a motion for summary judgment, id. at D.E. 30, and a recommendation to grant that motion and dismiss the petition is pending.  Id. at D.E. 39.

---

[1] Plaintiff's original complaint is 99 pages in length with 45 exhibits.  (D.E. 1).  On August 11, 2010, he filed a supplement to his complaint, detailing civil rights violations that allegedly occurred after he filed his original complaint.  (D.E. 9).  On December 8, 2010, plaintiff filed an amended complaint, (D.E. 32), and his second amended complaint.  (D.E. 31).  Although characterized as amended complaints, these pleadings do not replace his original complaint, but instead, supplement it.  Plaintiff claims these additional pleadings were necessary "only because the defendants continue to violate his civil rights deliberately, willfully, maliciously and/or with reckless disregard...." Id. at ¶ 4).  However, in actuality, plaintiff merely raises additional claims relating to events that occurred during his state criminal proceedings and the revocation of his federal parole.

On August 4, 2010, the United States and Hon. Janis G. Jack filed a motion to dismiss (D.E. 5).  Plaintiff filed a memorandum in response to the motion on August 20, 2010 (D.E. 10).

### III.  DISCUSSION

**A.     The Standard For A Rule 12(b)(1) Motion.**

The Federal Rules of Civil Procedure provide a defense of lack of subject matter jurisdiction for a district court to hear a case.  Fed. R. Civ. P. 12(b)(1).  "Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts."  Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam) (citing Barrera-Montenegro v. United States, 74 F.3d 657, 659 (5th Cir. 1996)).

The party asserting subject matter jurisdiction has the burden of proving it.  Id. (citation omitted).  "Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist."  Id. (citing Menchaca v. Chrysler Credit Corp., 613 F.2d 507, 511 (5th Cir. 1980)).

**B.     The Standard For A Rule 12(b)(6) Motion.**

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes courts to dismiss claims on the basis of dispositive law.  Fed. R. Civ. P. 12(b)(6); Neitzke v. Williams, 490 U.S. 319, 326 (1989) (citations omitted).  When ruling on a Rule 12(b)(6) motion to dismiss, a court must accept the plaintiff's factual allegations as true, and view these

allegations in a light most favorable to the plaintiff. Capital Parks, Inc. v. Se. Adver. & Sales Sys. Inc., 30 F.3d 627, 629 (5th Cir. 1994) (citation omitted); Cinel v. Connick, 15 F.3d 1338, 1341 (5th Cir. 1994). Indeed, a court should not look beyond the pleadings. McCartney v. First City Bank, 970 F.2d 45, 47 (5th Cir. 1992).

A motion to dismiss pursuant to Rule 12(b)(6) tests the formal sufficiency of the statement of a claim for relief. It is not a procedure for resolving disputes about the facts or merits of a case. The Supreme Court has reiterated the stringent standards that defendants must overcome to obtain such a dismissal:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations,... a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.... Factual allegations must be enough to raise a right to relief above the speculative level,... on the ASSUMPTION THAT ALL THE allegations in the complaint are true (even if doubtful in fact)....

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations and quotations omitted) (capitalization in original). In other words, the claim to relief must be plausible, rather than just conceivable. Id. at 570.

Dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief. Moreover, a "court is not required to 'conjure up unpled allegations or construe elaborately arcane scripts to' save a complaint." Campbell v. City of San Antonio, 43 F.3d 973, 975 (5th Cir. 1995) (citation omitted). In addition, "conclusory allegations ... masquerading as factual conclusions will not suffice to prevent a motion to dismiss." Id. (citation omitted).

**C.     Plaintiff Fails To State A Claim Against Hon. Janis G. Jack.**

The Supreme Court has established that "generally, a judge is immune from a suit for money damages." Mireles v. Waco, 502 U.S. 9, 9 (1991) (per curiam) (citations omitted). Judicial immunity serves to safeguard "'a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.'" Id. at 10 (quoting Bradley v. Fisher, 80 U.S. 335, 347 (1871)). Such immunity is overcome only when the acts were "not taken in the judge's judicial capacity," or when they were "taken in the complete absence of all jurisdiction." Id. at 11-12 (citations omitted).

The Fifth Circuit has explained that "[j]udicial officers are entitled to absolute immunity from claims for damages arising out of acts performed in the exercise of their judicial functions." Boyd v. Biggers 31 F.3d 279, 284 (5th Cir. 1995) (per curiam); see also Bauer v. Texas, 341 F.3d 352, 357 (5th Cir. 2003) ("Judges enjoy absolute immunity from liability for judicial or adjudicatory acts.") (citing Forrester v. White, 484 U.S. 219 (1988)). "A judge's acts are judicial in nature if they are 'normally performed by a judge' and the parties affected 'dealt with the judge in his judicial capacity.'" Boyd, 31 F.3d at 285 (quoting Mireles, 502 U.S. at 12). In determining whether an act was judicial in nature, courts should consider four factors:

> (1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy centered around

>  a case pending before the court; and (4) whether the acts arose directly out
>  of a visit to the judge in his official capacity.

Ballard v. Wall, 413 F.3d 510, 515 (5th Cir. 2005) (quoting Malina v. Gonzales, 994 F.2d 1121, 1124 (5th Cir. 1993)).

Judge Jack revoked plaintiff's supervised release and sentenced him to additional imprisonment after revocation proceedings. In doing so, plaintiff argues that she violated his constitutional rights. (D.E. 1, ¶¶ 69-70). Criminal sentencing is a judicial function. Malina, 994 F.2d at 1124 (citation omitted). Plaintiff is essentially seeking credit for time on his federal sentence for when he was in state custody. (D.E. 10, Ex. 1, at 2). Even if the sentence imposed was in excess of that allowed by law, the error was not made "in the complete absence of all jurisdiction." Mireles, 502 U.S. at 12 (citations omitted); see also Mays v. Sudderth, 97 F.3d 107, 111 (5th Cir. 1996) ("'A judge will not be deprived of immunity because the action he took was in error..., or in excess of his authority....'") (quoting Stump v. Sparkman, 435 U.S. 349, 356-57 (1978)). Thus, it is respectfully recommended that Judge Jack is entitled to judicial immunity and plaintiff's claims against her should be dismissed with prejudice.

**D.      Plaintiff Fails To Establish Jurisdiction Against The United States.**

Plaintiff's claim against the United States is based on the actions of Judge Jack as well as other federal employees related to the revocation of his federal supervised release and the sentencing of additional time in the Bureau of Prisons. (D.E. 1, ¶¶ 69-72).

The Supreme Court has established that the United States is immune from lawsuits unless Congress explicitly waives that immunity.  United States v. Mitchell, 445 U.S. 535, 538 (1980) (citations omitted).  Without such waiver of immunity, this Court does not have jurisdiction to entertain plaintiff's claim against the United States.  Id. (citation omitted).

Plaintiff's complaint does not address the issue of waiver of immunity by the United States.  Similarly, in his opposition to defendants' motion to dismiss, he does not provide any demonstration of such a waiver regarding sentencing matters.  (D.E. 10, at 7-8).  Thus, plaintiff has failed to satisfy his burden of establishing waiver by the United States authorizing his action.  See Ramming, 281 F.3d at 161 (citation omitted). Accordingly, it is respectfully recommended that plaintiff's action against the United States be dismissed for lack of jurisdiction.

## IV.  RECOMMENDATION

For the foregoing reasons, it is respectfully recommended that the motion to dismiss by defendant the United States of America and United States District Judge Janis Graham Jack, (D.E. 5), be granted, and that Plaintiff's actions against those two defendants be dismissed with prejudice.

Respectfully submitted this 4th day of April, 2011.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

## **NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error*, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).