IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| STEVEN PEREZ | § | |
|     TDCJ-CID #1514617 | § | |
| | § | |
| v. | § | C.A. NO. C-10-246 |
| | § | |
| UNITED STATES OF AMERICA, *et al.* | § | |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION TO DISMISS ACTION

The United States Magistrate Judge filed the Memorandum and Recommendation on April 4, 2011, recommending dismissal of plaintiff's civil rights action pursuant to 42 U.S.C. § 1983 against the United States and United States District Judge Janis Graham Jack on grounds of sovereign and judicial immunity. D.E. 45. Plaintiff filed his objections on April 18, 2011. D.E. 51. Perez seeks relief against more than 25 defendants. D.E. 1. Only the federal defendants are addressed in this Order.

### I.  FACTUAL BACKGROUND

Plaintiff Steven Perez is currently incarcerated in the Texas Department of Criminal Justice resulting from his conviction for murder in April 2008. He was previously convicted in federal court in 2003 after his guilty plea to a cocaine trafficking charge. After completing his sentence of imprisonment and while Perez was still serving his term of supervised release, he was convicted in Texas state court. In July 2008, Judge Jack revoked Perez' supervised release on multiple grounds and sentenced him to 24 months in the custody of the Bureau of Prisons to be served consecutively to his state sentence.

Perez asserts that Judge Jack "acted without jurisdiction, acted willfully, deliberately, maliciously and/or with reckless disregard" of his constitutional rights. Dkt. No. 1 at 30 -Dkt. No.

1-1 at 1. He makes the following particularized claims regarding Judge Jack's handling of the revocation procedure: 1) Judge Jack "had to have known" that his rights were being violated while he was being held in state custody, 2) failed to appoint counsel on the revocation of his supervised release until 17 months after his arrest while he was in state custody, 3) ignored Federal Rules of Criminal Procedure 32.1 and 46, 4) ignored the United States Constitution, 5) "failed to inform him of the nature of the cause against him for his federal detainer that held him in jail for 17 months," and 6) ignored the fact that the "United States Probation officer and the State of Texas broke the law." Id. After amendment of his complaint, Perez also asserted that Judge Jack "willfully, deliberately, maliciously, and/or with reckless disregard" for his constitutional rights, failed to inform him "that he actually had a bail set at $75,000.00 during his pretrial confinement." Dkt. No. 32. He further contends that his attorney was told by an unnamed person that there was and would be no bond on his federal detainer, but the true facts were that there was a bond. Id. (referencing criminal case 03-cr-00278-1, Dkt. No. 23).

## II.  PROCEDURAL BACKGROUND

Counsel for Judge Jack and the United States filed a motion to dismiss claiming that Perez' action was barred by sovereign and judicial immunity. Dkt. No. 5. Perez responded. Dkt. No. 10. Thereafter Perez obtained leave to amend his pleadings and filed his Second and Third Amended Complaints. Dkt. No. 11, 13, 22, 25, 31, 32.

Originally, this matter was referred to federal Magistrate Judge Owsley who issued a Memorandum and Recommendation in December 2010. Dkt. No. 29. Perez filed objections. Dkt. No. 36. Magistrate Judge Owsley recused himself in March 2011. Dkt. No. 42. This matter was referred to another federal Magistrate Judge and the original order of referral was withdrawn. Dkt.

No. 43, 44. A new Memorandum and Recommendation was issued on April 4, 2011, to which Perez filed additional objections. Dkt. No. 45, 51. In addition, Perez filed a Motion for Leave to Amend (Dkt. No. 47) and Perez sent a letter to the Court advising of his pending transfer for medical care. Dkt. No. 52. The Court denied his motion to amend as moot by Order dated April 21, 2011. Dkt. No. 53.

Perez originally objected to the Memorandum and Recommendation contending that this Court must take all of his facts as "absolutely true." Dkt. No. 36 at 1. He asserted that he was entitled to a Spears hearing before dismissal, and that he had filed additional motions to amend his complaint that should be decided before his complaint was dismissed. The Docket Sheet revealed no pending motions to amend his complaint at the time those objections were filed in December 2010. Perez has now filed new objections in which he incorporates his original objections. Dkt. No. 51. Perez now objects 1) to an error in the reference to the Texas habeas statute, 2) the transposition of the cause numbers for his murder and firearms conviction, 3) the Magistrate's failure to include a discussion of the pleading standards of Rule 8(a), 4) a mischaracterization of the relief he seeks, 5) that the United States waived its sovereign immunity pursuant to 28 U.S.C. § 2674, 6) that 28 U.S.C. § 1367, pendent jurisdiction, furnishes a basis for this Court's jurisdiction over Judge Jack and the United States, and 7) that Judge Jack erroneously computed sentencing credit at the time of sentencing in violation of 18 U.S.C. § 3585(b).

### III.  ANALYSIS

Each of Perez' objections will be discussed separately after this Court outlines the law applicable to his claims.

A.      **Judicial and Sovereign Immunity**

A judge is absolutely immune from liability for her judicial acts and will not be deprived of immunity even if the judge was in error, took action maliciously, or acted in excess of her authority. Mitchell v. McBryde, 944 F.2d 229, 230 (5th Cir. 1991); Johnson v. Kegans, 870 F.2d 992, 995 (5th Cir. 1989). Judicial immunity is not just immunity from damages, but also immunity from suit. Mireles v. Waco, 502 U.S. 9, 11 (1991) (per curiam).

A judicial act is one that is a function normally performed by a judge, that occurred in the courtroom or appropriate adjunct spaces such as a judge's chambers, involved a controversy centered around a case pending before the court, and arose directly out of a visit to the judge in her official capacity. Adams v. McIlhaney, 764 F.2d 294, 297 (5th Cir. 1985). A judge is subject to liability only if she acts in the clear absence of all jurisdiction. Stump v. Sparkman, 435 U.S. 349, 360-62 (1978); McBryde, 944 F.2d at 230.

B.      **Perez' Complaint Alleges Only Judicial Acts for Which Judge Jack Is Entitled to Judicial Immunity**

Judge Jack performed judicial acts as defined above when she determined that Perez violated the conditions of his supervised release and sentenced him. "Sentencing is without doubt a judicial act." Johnson, 870 F.2d at 997 (citing Adams, 764 F.2d at 294). Moreover, in determining whether Perez' sentence should be consecutive or concurrent to his state sentences, Judge Jack followed federal law that accords to the sentencing court the discretion to determine whether sentences are to run consecutively or concurrently. 18 U.S.C. § 3584(a).[1] "Well-settled federal law presumes that

---

[1] "(a) Imposition of concurrent or consecutive terms.--If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively, except that the terms may not run consecutively for an attempt and for another offense that was the sole objective of the attempt. Multiple terms of imprisonment imposed at the same time run concurrently unless the court orders or the statute mandates that the terms

when multiple terms of imprisonment are imposed at different times, they will run consecutively *unless* the district court specifically orders that they run concurrently." Free v. Miles, 333 F.3d 550, 553 (5th Cir. 2003) (emphasis in original).

Judge Jack also acted as a judicial officer in deciding the question of bail after Perez was arrested for violation of his supervised release. Setting bail or bond is a judicial function. Ballard v. Wall, 413 F.3d 510, 516 (5th Cir. 2005).

Perez claims that he was not appointed counsel in a timely manner. The appointment of counsel for an indigent defendant is part of the criminal process and is performed by a judicial officer in the conduct of a case pending in her court.

Despite Perez' claim that Judge Jack acted without any jurisdiction over him, the facts that Perez alleged confirm jurisdiction over him for revocation of his supervised release. Judge Jack is entitled to judicial immunity. Furthermore, Plaintiff's claim against the United States is based upon the actions of Judge Jack relating to the revocation of his supervised release and his sentencing. Perez has not demonstrated that the United States has waived sovereign immunity for the claims he presents.

## C.  Spears Hearing

Perez objects that he should be afforded a Spears hearing. Spears hearings are undertaken to determine, in part, whether a prisoner's complaint is legally or factually frivolous. Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). Before dismissing as frivolous, the courts are authorized, but not required, to hold so-called Spears hearings or otherwise determine whether the

---

are to run consecutively. Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." Id.

prisoner can elaborate on the factual or legal basis of his claim.[2] After the motion to dismiss was filed, Perez obtained leave to amend his complaint. He filed his Second and Third Amended Complaints in which he added further allegations against Judge Jack, but did not address the jurisdictional issue before this Court. Perez' amended complaints were before the Magistrate Judge at the time of the original Memorandum and Recommendation and before the second Memorandum and Recommendation was issued. Perez' later motion for leave to amend was denied as moot. Dkt. No. 53. He is not entitled to a Spears hearing.

All of Perez' various claims revolve around Judge Jack's conduct of the proceedings for violation of his supervised release. Perez has failed to state a claim against the United States and Judge Jack that is not barred by sovereign or judicial immunity.

**D.   Alleged Clerical Errors**

Perez complains that the Memorandum and Recommendation erroneously referred to the Texas Civil Practice & Remedies Code (Dkt. No. 45 at 3) instead of the Texas Code of Criminal Procedure when describing the procedural history of Perez' state court habeas filing. He is correct, but it makes no difference to the outcome of these proceedings. The objection is SUSTAINED, and the Court notes that his state habeas filing is authorized by the Texas Code of Criminal Procedure.

Perez contends that the Memorandum and Recommendation transposed the case numbers of his murder and firearms convictions. The objection is OVERRULED. The Memorandum and Recommendation does not identify the district court cause number for Perez' firearms conviction.

---

[2] An *in forma pauperis* complaint may be dismissed as frivolous if it lacks an arguable basis in law or fact. Eason v. Thaler, 14 F.3d 8, 9 (5th Cir. 1994). If "insufficient factual allegations might be remedied by more specific pleading," a reviewing court must consider whether the district court abused its discretion by dismissing the complaint either with prejudice or without any effort to amend. Id. "The principal vehicles which have evolved for remedying inadequacy in prisoner pleadings are the Spears hearing and a questionnaire to "bring into focus the factual and legal bases of prisoners' claims." Id.

### E. Perez' Complaint regarding Rule 8(a)

Perez objects that the Magistrate Judge's Memorandum and Recommendation does not discuss pleading standards pursuant to Rule 8(a) before recommending that his complaint against the federal defendants should be dismissed on grounds of immunity. This Objection is OVERRULED. Rule 8(a)'s standards are included in the discussion within the cases and it is the interaction between Rule 8(a) and Rule 12(b) that formed the basis of the Supreme Court's decision in Bell Atlantic Corp. v. Twombley, 550 U.S. 544, 554-55 (2007).

### F. Characterization of Perez' Claim for Relief

Perez objects that the federal Magistrate Judge mischaracterized his claims for relief by allegedly concluding that he seeks only credit on his federal sentence for time spent in state custody. The Memorandum and Recommendation notes that Perez is seeking money damages and the arrest of all of the defendants. Dkt. No. 45 at 3. This objection is OVERRULED.

### G. Waiver of United States' Sovereign Immunity Pursuant to 28 U.S.C. § 2674

Perez claims that the United States has waived liability pursuant to 28 U.S.C. § 2674. Although that statute does waive immunity for tort actions, it also specifically reserved the right of the United States to assert the defense of immunity, "the United States shall be entitled to assert any defense based upon judicial or legislative immunity which otherwise would have been available to the employee of the United States whose act or omission gave rise to the claim, as well as any other defenses to which the United States is entitled." Id.[3] Perez has not pled any independent basis for

---

[3] The pertinent portion of the statute is "The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances, but shall not be liable for interest prior to judgment or for punitive damages. . . . With respect to any claim under this chapter, the United States shall be entitled to assert any defense based upon judicial or legislative immunity which otherwise would have been available to the employee of the United States whose act or omission gave rise to the claim, as well as any other defenses to which the United States is entitled. . . ."

liability against the United States, but relies upon the actions of Judge Jack. Because this Court concludes that Perez' claims against Judge Jack are barred by judicial immunity, Perez' claims against the United States fail as well. Perez' objection is OVERRULED.

**H.    Pendent Jurisdiction**

Perez objects that the Memorandum and Recommendation did not discuss pendent jurisdiction as a basis for retaining the claims against Judge Jack and the United States. By its very terms, 28 U.S.C. § 1367 does not apply. If the claims against Judge Jack or the United States were not barred by judicial and sovereign immunity, the claims could only be brought in the federal district courts of the United States. See 28 U.S.C. §1346(b)(1) (district courts have exclusive jurisdiction of civil actions against the United States for money damages). Perez' objection is OVERRULED.

**I.    Claim that Judge Jack Exceeded her Jurisdiction**

Perez claims in his objections that Judge Jack exceeded her jurisdiction by computing credit for time served at time of sentencing. Even if the facts Perez alleges were true, which this Court does not decide, sentencing is a judicial act for which Judge Jack is entitled to judicial immunity.

---

28 U.S.C. § 2674, Liability of United States.

Johnson, 870 F.2d at 997. A judge does not lose her immunity unless she acts in the complete absence of jurisdiction. Stump, 435 U.S. at 356.

## IV. CONCLUSION

Reviewing de novo the Magistrate Judge's Memorandum and Recommendation, the pleadings on file, and defendant's objections, the Court accepts the Magistrate Judge's recommended decision, except as corrected herein, and OVERRULES Perez' objections as stated. Dkt. No. 45. The Court GRANTS the Motion to Dismiss Federal Judicial Defendant and the United States of America (Dkt. No. 5) and DISMISSES the complaint against United States District Court Judge Janis Graham Jack and the United States of America, with prejudice.

It is so ORDERED.

SIGNED on this 1st day of July, 2011.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE