IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| STEVEN PEREZ § | | |
|     TDCJ-CID #1514617 § | | |
| v. § | C.A. NO. C-10-246 | |
| § | | |
| UNITED STATES OF AMERICA, § | | |
|     ET AL. § | | |

## MEMORANDUM AND RECOMMENDATION TO DISMISS

Plaintiff Steven Perez, a Texas state prisoner, filed this civil rights action alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983 and <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 398 (1971). For the reasons stated herein, it is respectfully recommended that plaintiff's § 1983 and <u>Bivens</u> claims be dismissed as frivolous or for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B), and §1915A(b). It is respectfully recommended further that, to the extent plaintiff is raising habeas corpus claims, those claims be dismissed without prejudice to his bringing those claims in a properly filed § 2254 or § 2255 petition.

### I. JURISDICTION

The Court has federal question jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331.

### II. BACKGROUND

Plaintiff is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division ("TDCJ-CID"), and is currently confined at the Connally Unit in

Kenedy, Texas. Following a jury trial, on April 14, 2008, plaintiff was found guilty of murder and felon in possession of a firearm in Cause No. 07-CR-159-B in the 117th Judicial District Court of Nueces County, Texas. He was sentenced to 60 years and 6 years respectfully in the TDCJ-CID's custody. Plaintiff appealed, and his convictions were affirmed by the Thirteenth Court of Appeals. See Perez v. State, No.13-08-296-CR, 2009 WL 1607811 (Tex. App. Feb. 26, 2009) (unpublished) (affirming 60-year sentence); Perez v. State, No.13-08-433-CR, 2010 WL 2697292 (Tex. App. July 8, 2010) (unpublished) (affirming 6-year sentence). He filed a petition for writ of certiorari concerning his murder conviction with the United States Supreme Court, but it was denied. See Perez v. Texas, _ U.S. _, 130 S. Ct. 1149 (2010).

On July 17, 2008, plaintiff's federal supervised release was revoked in Criminal Action No. 2:03CR278-01, and the Honorable Janis Graham Jack sentenced plaintiff to 24 months in the Bureau of Prisons, consecutive to his state sentence. See United States v. Perez, CR-C-03-278 (S.D. Tex.) at D.E. 36. On April 13, 2010, plaintiff filed a § 2255 motion to vacate or set aside that judgment. Id. at D.E. 40. Plaintiff's § 2255 motion was dismissed with prejudice, and his motion for relief from judgment was denied. (Id. at D.E. 74, 75, 77). Plaintiff has appealed. Id. at D.E. 78.

On July 19, 2010, plaintiff filed this action claiming he is being held illegally in the custody of the TDCJ-CID because his state court murder and firearm convictions were obtained in violation of his constitutional rights. (D.E. 1). He is suing the numerous state officers and officials who were involved in his arrest and prosecution, and his

current custodians, as well as federal officers and officials involved in the revocation of his supervised release and those responsible for executing his federal sentence. Id. at ¶¶ 2-32. Plaintiff asserts that he "is not seeking habeas corpus relief," but rather, he wants this Court "to see the extent of this tort, ...and how your Plaintiff is, inter alia, falsely imprisoned with two void state convictions, a void 60 year aggravated sentence, ... and a void 6 year sentence – all for a violation of supervised release." (D.E. 9 at 13-14). He is seeking $40 million in compensatory damages, $40 million in punitive damages, and $20 million in attorney fees, as well as pre- and post-judgment interest, cost of suit, and "that an arrest warrant be issued against [the] defendants...." (D.E. 1 at ¶ 158).[1]

On July 21, 2010, plaintiff filed a state application for habeas corpus relief pursuant to article 11.07 of the Texas Civil Practice and Remedies Code, challenging his state court convictions. On August 11, 2010, the Texas Court of Criminal Appeals denied the application without written order on the findings of the trial court without a hearing. See Ex parte Perez, App. No. 74,330-01.

---

[1] Plaintiff's original complaint is 99 pages in length with 45 exhibits. (D.E. 1). On August 11, 2010, he filed a supplement to his complaint, detailing civil rights violations that allegedly occurred after he filed his original complaint. (D.E. 9). On December 8, 2010, plaintiff filed an amended complaint, (D.E. 32), and his second amended complaint. (D.E. 31). Although characterized as amended complaints, these pleadings do not replace his original complaint, but instead, supplement it. Plaintiff claims these additional pleadings were necessary "only because the defendants continue to violate his civil rights deliberately, willfully, maliciously and/or with reckless disregard...." Id. at ¶ 4). However, in actuality, plaintiff merely raises additional claims relating to events that occurred during his state criminal proceedings and the revocation of his supervised release.

On September 10, 2010, plaintiff filed a § 2254 federal habeas corpus petition challenging his state court convictions. See Perez v. Thaler, C-10-297 (S.D. Tex.). Respondent Rick Thaler filed a motion for summary judgment, and a recommendation to grant that motion and dismiss the petition is pending. Id. at D.E. 30, 39.

On August 4, 2010, the United States and Hon. Janis Graham Jack filed a motion to dismiss (D.E. 5). The motion was granted on July 1, 2011, and Judge Jack and the United States were dismissed from this lawsuit. (D.E. 56).

### III.  PLRA SCREENING

Pursuant to the Prison Litigation Reform Act, Pub. L. No. 104-134, 10 Stat. 1321 (1996), any prisoner action brought under federal law must be dismissed if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. See 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A.  Plaintiff's action is subject to screening regardless whether he prepays the entire filing fee, or proceeds as a pauper. Ruiz v. United States, 160 F.3d 273, 274 (5th Cir. 1998) (per curiam); Martin v. Scott, 156 F.3d 578, 580 (5th Cir. 1998) (per curiam).

It is well established that "[t]o state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988) (citations omitted); see also Biliski v. Harborth, 55 F.3d 160, 162 (5th Cir. 1995) (per curiam).  An action may be dismissed for

failure to state a claim when it is clear that the prisoner can prove no set of facts in support of his claim entitling him to relief. Oliver v. Scott, 276 F.3d 736, 740 (5th Cir. 2002) (citation omitted). The complaint must be liberally construed in favor of the prisoner, and the truth of all pleaded facts must be assumed. Id. Plaintiff's pro se complaint must be read indulgently, see Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam), and his allegations must be accepted as true, unless they are clearly irrational or wholly incredible. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).

"A Bivens action is analogous to an action under § 1983–the only difference being that § 1983 applies to constitutional violations by state, rather than federal, officials. See Abate v. Southern Pac. Transp. Co., 993 F.2d 107, 110 n. 14 (5th Cir. 1993) ('Bivens is the federal counterpart of § 1983 [and] . . . extends the protections afforded by § 1983 to parties injured by federal actors not liable under § 1983')." Evans v. Ball, 168 F.3d 856 863. n.10 (5th Cir. 1999).

## IV. DISCUSSION

**A.  Nature of plaintiff's complaint.**

Plaintiff claims that he was unlawfully convicted of murder and being a felon in possession of a firearm. He is seeking monetary damages against the named defendants, as well as orders for their arrest on unspecified criminal charges. Thus, his theory of liability is based on his allegation that he was falsely convicted and is now falsely imprisoned.

It is well established that any challenge to the fact or duration of a conviction or sentence must be maintained in a habeas corpus proceeding.  See <u>Preiser v. Rodriguez</u>, 411 U.S. 474, 500 (1973) (appropriate habeas corpus claims are those that call into question the fact, length, or conditions of the petitioner's custody and seek an immediate or speedier release).  Here, the very basis for plaintiff's damage claims is that he is in custody when he should not be so.  As such, his claims for damages are necessarily contingent upon his first demonstrating that he is being held illegally. See <u>Heck v. Humphrey</u>, 512 U.S. 477, 486-87 (1994) ("in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been [overturned]").  Therefore, plaintiff cannot bring a suit against the named defendants seeking damages for unconstitutional convictions, unless and until he can successfully demonstrate that the challenged convictions have been set aside or vacated.  To date, plaintiff has not done so.

Here, plaintiff's state court convictions were affirmed on appeal and the Texas Court of Criminal Appeals denied his petition for discretionary review as to each conviction.  (See PD-0410-09 and PD-0924-10).  His writ of certiorari was denied.  His state post-conviction application for article 11.07 habeas corpus relief was denied, and his federal § 2254 petition is pending.  Thus, as of today's date, he has been unable to demonstrate that his state court convictions were obtained in violation of his constitutional rights.

As to the revocation of plaintiff's federal supervised release, he has repeatedly admitted that he violated his conditions, but argues the violation was not due to the murder or firearm charge. Regardless, he has filed a § 2255 motion to challenge the revocation. The petition was denied, and his appeal is still pending. Thus, at this time, he is unable to establish that either of the convictions for which he is in prison, or the judgment revoking his supervised release, have been set aside, vacated or otherwise declared void so as to allow him to bring a §1983 claim for damages. Accordingly, plaintiff's claims for damages against all defendants are barred by Heck, and thus are frivolous and fail to state a claim.

**B.      Judicial and Prosecutorial Immunity.**

Additionally, plaintiff's constitutional claims against certain defendants are barred because he is suing state district and appellate judges, and these individuals are entitled to the same judicial immunity granted to Hon. Janis Graham Jack.

The Supreme Court has noted that "generally, a judge is immune from a suit for damages." Mireles v. Waco, 502 U.S. 9, 9, (1991) (per curiam) (citations omitted). Immunity is overcome only in those cases in which the judicial officer has acted without jurisdiction. Id. at 11-12. Judges are entitled to absolute immunity from damage claims arising out of acts performed in the exercise of their judicial functions. Boyd v. Biggers, 31 F.3d 279, 284 (5th Cir. 1995) (per curiam). "A judge's acts are judicial in nature if they are 'normally performed by a judge' and the parties affected 'dealt with the judge in his judicial capacity.'" Id. at 285 (quoting Mireles, 502 U.S. at 12).

In this case, plaintiff's complains of the judge defendants only in the context of their presiding over his criminal proceedings.  Judge Sandra Watts presided over both his murder and firearm cases.  He claims that she was biased because she is white, and that she erred in instructing the jury on murder, arguing only a manslaughter instruction should have been given.  He complains about witnesses, an allegedly incorrect time-line, and other rulings, all that were made during his criminal trials.  Thus, all of these claims against Judge Watts arose in the context of her conducting plaintiff's criminal cases, and therefore, she is entitled to absolute immunity.

Plaintiff claims that Judge Manuel Banales ruled unfavorably against him in his state habeas proceeding.  Like Judge Watts, plaintiff's claims against Judge Banales arose in the context of Judge Banales performing his judicial functions, and these claims are necessarily barred by judicial immunity.

Similarly, plaintiff has named as defendants four justices on the Thirteenth Court of Appeals: Rogelio Valdez, Nelda Rodriguez, Rose Vela and Dori Contreras Garza charging that they "illegally affirmed" his convictions.  (D.E. 1, at 62-67).  Again, he is challenging the rulings of these defendants, actions which, by their very nature, are judicial.  Thus, plaintiff's claims against them are barred by judicial immunity.

Plaintiff claims that Justice of the Peace Henry Santana violated his rights because he authorized his arrest when there was no probable cause.  (D.E. 1 at 63-64).  The determination of probable cause is a judicial function, and Judge Santana is also entitled to absolute immunity.

Like judges, prosecutors are entitled to absolute immunity in regards to actions taken within the scope of their prosecutorial duties. See Van de Kamp v. Goldstein, _ U.S. _, 129 S. Ct. 855, 861-64 (2009). Plaintiff has named as defendants Nueces County prosecutors: Jennifer Dorsey alleging that she "drew a false timeline on the chalkboard in front of the jury," and prosecuted him "on a non-existent murder charge; Douglas Mann and Mark Skurka, who allegedly "presented fake indictments" to the 117th District Court; Prosecutor Norman who "helped to instigate the non-existent murder charge;" and District Attorney Carlos Valdez who ordered Mark Skurka and the other prosecutors "to insert a reckless element in a first degree murder charge." (D.E. 1 at 77). All of plaintiff's allegations against the DA and prosecutors concern conduct of defendants while performing their prosecutorial duties, and as such, these defendants are entitled to absolute immunity.

Moreover, because these named officials are entitled to absolute immunity, they are consequently "immune" from any claims for monetary relief. Thus, dismissal of these defendants is also proper pursuant to 28 U.S.C. §1915(e)(2)(iii) and§ 1915A(b)(2), which require dismissal of claims for monetary relief "against a defendant who is immune from such relief."

**C.    Eleventh Amendment Immunity.**

Plaintiff has sued TDCJ officials, Warden Monroe, and Rick Thaler, in their official capacities.

A suit against a state official in his official capacity is the same as a suit against the State itself the employee represents.  Kossie v. Crain, 602 F. Supp. 2d 786, 790 (S.D. Tex. 2009) (citing Kentucky v. Graham, 473 U.S. 159, 166 (1985)).  "The Eleventh Amendment bars a suit for money damages against a state or state agency."  Id. (citing Seminole Tribe of Florida v. Florida, 517 U.S. 44, 54 (1996)).  The Fifth Circuit has consistently held that the Eleventh Amendment precludes awards of money damages against persons sued in their official capacities.  Oliver v. Scott, 276 F.3d 736, 742 (5th Cir. 2002) (citing Talib v. Gilley, 138 F.3d 211, 213 (5th Cir. 1998); Augilar v. TDCJ, 160 F.3d 1052, 1054 (5th Cir. 1998)). Thus, to the extent plaintiff is suing these two Texas defendants in their official capacities for money damages, those claims are barred by the Eleventh Amendment.

## V. RECOMMENDATION

For the foregoing reasons, it is respectfully recommended that plaintiff's damage claims against all the defendants be dismissed for failure to state claim because the claims are barred by Heck, and therefore are frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B), and §1915A(b).  It is respectfully recommended further that plaintiff's claims against the named judicial officials be dismissed on the alternative ground that the claims are barred by absolute judicial immunity, and that his claims against the Nueces County District Attorney and prosecutors be dismissed alternatively on the basis of prosecutorial immunity.  It is also recommended that plaintiff's claims against any Texas state employee in his official capacity be dismissed as barred by the Eleventh

Amendment. Finally, it is respectfully recommended that, to the extent plaintiff is raising habeas corpus claims, those claims be dismissed without prejudice.

Respectfully submitted this 8th day of July, 2011.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error*, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).