**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| STEVEN PEREZ | § | |
|     TDCJ-CID #1514617 | § | |
| | § | |
| V. | § | C.A. NO. C-10-246 |
| | § | |
| UNITED STATES OF AMERICA, ET AL. | § | |

**ORDER ADOPTING MEMORANDUM AND RECOMMENDATION
TO DISMISS ACTION**

The United States Magistrate Judge filed the Memorandum and Recommendation on July 8, 2011, recommending dismissal of plaintiff's civil rights action pursuant to 42 U.S.C. § 1983 against the remaining defendants. D.E. 57. Plaintiff filed his objections on July 19, 2011. D.E. 67.

**I. FACTUAL BACKGROUND**

Plaintiff Steven Perez is currently incarcerated in the Texas Department of Criminal Justice resulting from his conviction for murder in April 2008. He was previously convicted in federal court in 2003 after his guilty plea to a cocaine trafficking charge. After completing his federal sentence of imprisonment and while Perez was still serving his term of supervised release, he was convicted in Texas state court. In July 2008, Judge Jack revoked Perez' supervised release on multiple grounds[1] and sentenced him to 24 months in the custody of the Bureau of Prisons to be served consecutively to his state sentence.

Perez sued over 25 defendants in this case including federal judge Janis Graham Jack and the United States. Judge Jack and the United States were dismissed from this suit by Order dated July 1, 2011. D.E. 56. The remaining defendants are, the Director of the Federal Bureau of Prisons,

---

[1] Perez pled true to a number of the allegations in the petition to revoke, but pled not true to the allaegations of law violations based upon his state court convictions. C-03-cr-278, D.E. 57 at 8-16.

a federal Probation Officer, Nueces County, several state court judges, the Corpus Christi Police Department, a Justice of the Peace, several state court prosecutors, a police detective, a member of the Nueces County jail staff, Chief of the Corpus Christi Police Department, the Sheriff of Nueces County, the Nueces County District Court Clerk and several Clerk's office employees, Nueces County court reporters, Justices on the Thirteenth Court of Appeals, a Prison Warden and the Director of the Texas Department of Criminal Justice.

## II.  PROCEDURAL BACKGROUND

After dismissal of the United States and the Honorable Janis Graham Jack, the Magistrate Judge issued a Memorandum and Recommendation (M&R) to dismiss Perez' remaining claims as frivolous or for failure to state a claim. D.E. 57.

Perez' objections are not a model of clarity, but as best can be determined, Perez now objects on the following grounds, 1) his suit may not be dismissed on a contingency because Rule 18 provides that his habeas and civil rights claims should proceed together, 2) Perez is being illegally held, 3) the Court should hold a <u>Spears</u> hearing, 4) not all of the defendants are protected by immunity and the M&R did not address all of the defendants nor all of the statutes under which Perez' claims arise, 5) he seeks injunctive relief as well as money damages which prevents dismissal on Eleventh Amendment grounds, 6) none of the state court judges or justices had jurisdiction over him which negates judicial immunity, 7) the district attorney and assistant district attorneys are not immune from suit, 8) TDCJ officials are not protected by the Eleventh Amendment, and 9) Perez complains that he did not receive notice of the denial of his separate action pursuant to 28 U.S.C. § 2255.

### III. ANALYSIS

Each of Perez' objections will be discussed separately.

**A. Not All Defendants Are Immune from Suit**

Perez sued several classes of persons who are non-judicial city, county, state, or federal employees alleging various actions that he claims violated his constitutional rights leading to his state conviction on a "non-existent murder charge" or to the revocation of his federal supervised release. His claims against each of those defendants are barred by the rule in Heck v. Humphry, 512 U.S. 477, 486-87 (1994). In Heck, the Supreme Court held that

> in order to recover damages for an allegedly unconstitutional conviction, or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a prisoner must show that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."

Stephenson v. Reno, 28 F.3d 26, 27 (5th Cir. 1994) (quoting Heck v. Humphry, 512 U.S. 477 (1994)). That rule was extended to Bivens actions in Spina v. Aaron, 821 F.2d 1126, 1127-29 (5th Cir. 1987); Stephenson, 28 F.3d at 27.

The thrust of Perez' complaints against every defendant is each is liable for his unconstitutional confinement and that he has been wrongfully convicted in both state and federal court. Accordingly, even though the M&R does not mention all defendants by name, because Perez has not shown that his state or federal convictions have been invalidated, his claims against all defendants must be dismissed. Perez' objection number 4 is OVERRULED.

**B. His Suit May Not Be Dismissed Based on a Contingency**

Perez claims that because his federal habeas petitions have not yet ben finally adjudicated, his civil rights claims should not be dismissed on a contingency. He further claims that all of his habeas petitions and his civil rights claims should be consolidated to avoid this very result. Perez filed a motion to consolidate in this case which was denied by written Order dated July 8, 2011. D.E. 59. That Order will not be revisited.

Perez seeks damages resulting from what he claims to be his false imprisonment on a nonexistent state court murder charge and that his federal supervised release should not have been revoked. His state and federal convictions have been affirmed on direct appeal and not reversed in post-conviction proceedings. Because Perez has not shown that his convictions have been overturned, his complaint does not state a ground for relief. Heck, 512 U.S. at 486-87 Objection number 1 is OVERRULED.

**C.    He is being Illegally Held**

Perez claims he is being illegally held, but the state and federal courts have made a contrary determination thus far. Objection number 2 is OVERRULED.

**D.    The Court Should Hold a Spears Hearing**

Perez claims that this Court should hold a Spears hearing. Perez is not entitled to a Spears hearing. Spears hearings are undertaken to determine, in part, whether a prisoner's complaint is legally or factually frivolous. Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). Before dismissing as frivolous, the courts are authorized, but not required, to hold a so-called Spears hearing or otherwise determine whether the prisoner can elaborate on the factual or legal basis of his claim. Perez has been granted leave to supplement and amend his complaint. Although denominated amended complaints, his Second and Third Amended Complaints are supplemental in

nature as they state additional claims, but do not replace Perez' original complaint. Objection number 3 is OVERRULED.

**E.     Immunity**

    1.     *Judicial immunity*

A judge is absolutely immune from liability for his/her judicial acts and will not be deprived of immunity even if the judge was in error, took action maliciously, or acted in excess of her authority. Mitchell v. McBryde, 944 F.2d 229, 230 (5th Cir. 1991); Johnson v. Kegans, 870 F.2d 992, 995 (5th Cir. 1989). Judicial immunity is not just immunity from damages, but also immunity from suit. Mireles v. Waco, 502 U.S. 9, 11 (1991) (per curiam).

A judicial act is one that is a function normally performed by a judge, that occurred in the courtroom or appropriate adjunct spaces such as a judge's chambers, involved a controversy centered around a case pending before the court, and arose directly out of a visit to the judge in her official capacity. Adams v. McIlhaney, 764 F.2d 294, 297 (5th Cir. 1985). A judge is subject to liability only if he/she acts in the clear absence of all jurisdiction. Stump v. Sparkman, 435 U.S. 349, 360-62 (1978); McBryde, 944 F.2d at 230.

Judge Watts presided over Perez' state court trials that resulted in his convictions for murder and felon in possession. The actions of which Perez complains took place in the courtroom during the proceedings related to his murder trial. See D.E. 1-1 at ¶¶ 76-77, 79-80, 88, D.E. 1-3 at ¶¶ 116-18, 125.

Judge Manuel J. Banales as Presiding Judge of the Fifth Administrative Judicial Region, made various rulings in Perez' criminal case. See D.E. 1-1 at ¶ 104, D.E. 1-2 at ¶¶ 142-44.

The justices of the Thirteenth Court of Appeals ruled on the appeal(s) Perez filed arising out of his murder charge. See D.E. 1-1 at ¶¶ 62-67, 100, D.E. 1-2 at ¶ 141, 142.

Henry Santana, a Justice of Peace, issued an arrest warrant for Perez, a judicial act. D.E. 1-2 at ¶ 112.

Perez claims that none of the judges had jurisdiction over him because the Grand Jury did not issue an indictment. Perez is flat wrong. The Nueces County Grand Jury issued an indictment as shown in the records of Nueces County. Perez' objection number 6 is OVERRULED.

2. *Prosecutorial immunity*

Carlos Valdez, Mark Skurka, Gail Gleimer, Jenny Dorsey, and Douglas Mann are all members of the Nueces County prosecution team who succeeded in convicting Perez of murder and felon in possession of a firearm. As set out in the M&R, they are entitled to prosecutorial immunity from suit. Objection number 7 is OVERRULED.

3. *Eleventh Amendment Immunity*

Defendants Warden Monroe and Rick Thaler were sued in their official capacities. A suit against a state employee in his official capacity constitutes a suit against the state. As set out in the M&R, a state is immune from suit for money damages in federal court. D.E. 57 at 10. Perez sets out the money damages he seeks in subsection N of his Original Complaint. D.E. 1-2 at pg. 37-39. Perez' objection number 8 is OVERRULED.

4. *Perez claims he seeks injunctive relief*

The prayer in Perez' complaint does not mention injunctive relief, only money damages and an arrest warrant for those defendants the Court sees fit to arrest. D.E. 1-2 at 37-39. Perez' objection

does not state where in his 99 page Complaint that he seeks such relief. Objection number 5 is OVERRULED.

F.     **Perez Did Not Receive Notice of the Dismissal of his motion pursuant to 28 U.S.C. § 2255**

Even if Perez did not receive a copy of the order and final judgment in his criminal case, it would not be grounds for relief in this case. But Perez did receive timely notice. The docket sheet in Perez' federal criminal matter reflects that this Court dismissed Perez' § 2255 motion and entered final judgment on April 6, 2011. C-03-cr-278, D.E. 74, 75. On May 3, 2011, Perez filed a motion for relief from judgment indicating that he received the Court's dismissal. He has since appealed the dismissal to the Fifth Circuit. D.E. 78. Objection number 9 is OVERRULED.

## IV.  CONCLUSION

Reviewing de novo the Magistrate Judge's Memorandum and Recommendation, the pleadings on file, and defendant's objections, the Court accepts the Magistrate Judge's recommended decision and OVERRULES Perez' objections as stated. D.E. 57. The Court DISMISSES the complaint with prejudice.

It is so **ORDERED.**

**SIGNED** on this 30th day of September, 2011.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE

7